# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

| | |
|---|---|
| SHANIQUA TRUELL, Individually and for Others Similarly Situated<br><br>v.<br><br>NEW HANOVER HOUSE, LLC. | Case No. _____<br><br>Jury Trial Demanded<br><br>Collective Action Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

**REPRESENTATIVE PLAINTIFF SHANIQUA TRUELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY-SITUATED EMPLOYEES, BY AND THROUGH COUNSEL, BRINGS CLAIMS AS A COLLECTIVE ACTION PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 ET. SEQ., (THE "FLSA") AND CLASS ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23 AND THE NORTH CAROLINA WAGE AND HOUR ACT (THE "NCWHA"), N.C. GEN. STAT. ANN. §§ 95-25.1 TO 95-25.25, AGAINST DEFENDANT NEW HANOVER HOUSE. TO REDRESS DEFENDANT'S VIOLATIONS OF THE FLSA AND NCWHA.**

### SUMMARY

1. Shaniqua Truell (Truell) brings this class and collective action to recover unpaid overtime and other damages from Defendant New Hanover House (NHH).

2. Truell worked for NHH as a Med Tech in Wilmington, North Carolina at the Post at Providence New Hanover House.

3. Like the Putative Class Members (as defined below), Truell regularly worked more than 40 hours in a week.

4. But NHH did not pay for all the hours they worked.

5. Instead, NHH automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6. Truell and the Putative Class Members were thus not paid for that time.

7. But NHH fails to provide Truell and the Putative Class Members with *bona fide* meal breaks.

8. Instead, NHH requires Truell and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

9. NHH's auto-deduction policy violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and the North Carolina Wage and Hour Act (NCWHA), O N.C. Gen. Stat. Ann. §§ 95-25.1, *et seq.*, by depriving Truell and the Putative Class Members of overtime pay for all overtime hours worked. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The North Carolina Wage and Hour Act claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has general personal jurisdiction over NHH because it is located in Wilmington, North Carolina.

12. This Court has general personal jurisdiction over NHH because it is located in Wilmington, North Carolina.

13. The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

14. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant maintains its headquarters in this District.

## PARTIES

15. Truell worked for NHH as a Med Tech in Wilmington, North Carolina at the Providence New Hanover House, from October 2023 until December 2024.

16. Throughout her employment, NHH classified Truell as non-exempt and paid her on an hourly basis.

17. But NHH subjected Truell to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

18. Truell's written consent is attached as **Exhibit 1**.

19. Truell brings this action on behalf of herself and other similarly situated hourly, non-exempt NHH employees who were subject to NHH's automatic meal break deduction policy.

20. NHH uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

21. The FLSA collective of similarly situated employees is defined as:

> **All hourly, non-exempt NHH employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Collective").**

22. Second, Truell represents a class of similarly situated hourly non-exempt workers under the North Carolina Wage and Hour Act pursuant to Federal Rule of Civil Procedure 23.

23. The North Carolina Wage and Hour Act Class is defined as:

> **All hourly, non-exempt NHH employees who received an automatic meal period deduction at any time during the past 2 years in North Carolina ("North Carolina Class").**

24. Collectively, the FLSA Collective and North Carolina Class is defined as the Putative Class or Putative Class Members.

25. NHH is a North Carolina corporation and maintains its headquarters in Wilmington, North Carolina.

26. NHH may be served with process by serving its registered agent: **Stoneville Acceptance, LLC, 101 S. Stratford Road Suite 210, Winston Salem, NC 27104.**

## COVERAGE UNDER THE FLSA

27. At all relevant times, NHH was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. At all relevant times, NHH, as an institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

29. At all relevant times, NHH was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cellphones, and personal protective equipment – that have been moved in or produced for commerce.

30. At all relevant times, NHH has had an annual gross volume of sales made or business done of not less than $500,000 each year.

31. At all relevant times, Truell and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

32. NHH uniformly deducted 30 minutes/shift from Truell and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

33. As a result, NHH failed to pay Truell and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

34. NHH's automatic meal break deduction policy, which deprives Truell and the Putative Class Members of overtime compensation for the weeks in which these workers work over 40 hours, is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**FACTUAL ALLEGATIONS**

35. New Hanover House is a senior living community specializing in Assisted Living and Memory Care, located at 3915 Stedwick Court, Wilmington, North Carolina.

36. To complete its business objectives, NHH employs patient care workers, including Truell and the Putative Class Members, to provide patient care services and treat patients in its facility.

37. NHH classifies these employees as non-exempt from overtime and pays them on an hourly basis.

38. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

39. For example, Truell worked for NHH as a Med Tech from October 2023 until December 2024.

40. As a Med Tech, Truell's primary responsibilities included providing healthcare services, facilitating patient care, and responding to patient emergencies.

41. Throughout her employment, NHH subjected Truell to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

42. Truell and the Putative Class Members performed their jobs under NHH's supervision, and using materials, equipment, and technology approved and supplied by NHH .

43. NHH requires Truell and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

44. At the end of each pay period, Truell and the Putative Class Members received wages from NHH that were determined by common systems and methods that NHH selected and controlled.

45. Further, NHH subjects its hourly, non-exempt employees, including Truell and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

46. Specifically, NHH automatically deducts 30 minutes from Truell, and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

47. But NHH fails to provide Truell and the Putative Class Members with *bona fide* meal periods.

48. Instead, NHH requires Truell and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

49. This unpaid time is compensable under the FLSA and the North Carolina Wage and Hour Act, because NHH knew, or should have known, that (1) Truell and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

50. NHH failed to exercise its duty to ensure Truell and the Putative Class Members were not performing work that NHH did not want performed during their unpaid "meal breaks."

51. Despite accepting the benefits, NHH did not pay Truell and the Putative Class Members for the compensable work they performed during their "meal breaks."

52. Thus, under NHH's uniform automatic meal break deduction policy, Truell and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA and the North Carolina Wage and Hour Act.

53. NHH knows Truell and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because NHH expects and requires these employees to do so.

54. But NHH does not pay Truell and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

55. Truell worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

56. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

57. Indeed, NHH typically schedules Truell to work 12-hour shifts for 4 days a week.

58. NHH typically schedules Putative Class Members to work 12-hour shifts for 4 days a week.

59. And Truell and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and patient care responsibilities.

60. As a result, Truell and the Putative Class Members work in excess of 40 hours in a typical workweek.

61. When Truell and the Putative Class Members worked more than 40 hours in a workweek, NHH did not pay them 1.5 times their regular hourly rate for all overtime hours worked

7

due to NHH's failure to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

62. NHH knew, or should have known, it was subject to the FLSA and the North Carolina Wage and Hour Act, including its overtime provisions.

63. NHH knew, or should have known, the FLSA and the North Carolina Wage and Hour Act, requires it to pay employees, including Truell and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

64. NHH knew, or should have known, Truell and the Putative Class Members worked more than 40 hours in a week.

65. NHH knew, or should have known, Truell and the Putative Class Members regularly worked during their unpaid meal breaks because NHH expected and required them to do so.

66. NHH knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA and the North Carolina Wage and Hour Act.

67. NHH knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Truell and the Putative Class Members of overtime compensation in violation of the FLSA and the North Carolina Wage and Hour Act.

68. Nonetheless, NHH failed to pay Truell and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

69. NHH's failure to pay overtime compensation to Truell and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

## CAUSES OF ACTION
## VIOLATIONS OF THE FLSA

70. Truell realleges and incorporates all other paragraphs by reference.

71. Truell brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

72. NHH violated, and is violating, the FLSA by failing to pay Truell and the Putative Class Members overtime for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

73. Throughout the relevant period, NHH expected and required Truell and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks and outside of their scheduled shifts.

74. Truell and the Putative Class Members have been harmed as a direct and proximate result of NHH's unlawful conduct because they have been deprived of wages owed for work that they performed and from which NHH derived a direct and substantial benefit.

75. NHH knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Truell and the Putative Class Members overtime compensation.

76. NHH's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

77. Accordingly, Truell and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## VIOLATIONS OF THE NORTH CAROLINA WAGE AND HOUR ACT

78. All of the preceding paragraphs are realleged herein.

79. Truell and the North Carolina Rule 23 Class Members were employed by NHH.

9

80. During all relevant times, NHH was an "employer" pursuant to the NCWHA, and Plaintiff and the North Carolina Class are "employee[s]" of NHH within the meaning of the NCWHA, N.C. Gen. Stat. § 95-25.2.

81. Truell and the North Carolina Class are not exempt from the wage payment requirements of the NCWHA.

82. Under the NCWHA, N.C. Gen. Stat. § 95-25.6, "[e]very employer shall pay every employee all wages and tips accruing to the employee on the regular payday."

83. NHH's failure to pay for missed, non-taken, or uninterrupted non-*bona fide* meal breaks resulted in NHH's failure to pay its employees "all wages accruing" to its employees on "the regular payday." Consequently, Truell and the North Carolina Class have been illegally deprived of payment of all wages in violation of the NCWHA, N.C. Gen. Stat. § 95-25.6.

84. NHH's failure to pay Truell and the North Carolina Class all wages due, despite that NHH knew or should have known about its obligations under the NCWHA, entitles Truell and the North Carolina Class to liquidated damages equal to the amount of unpaid wages, pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.22 (a1).

85. For these reasons, Truell and the North Carolina Class are entitled to their unpaid wages, liquidated damages, pre-judgment interest, and attorneys' fees and costs, pursuant to NCWHA, N.C. Gen. Stat. § 95-25.6, 95.25.22(a), (a1), and (d).

### CLASS AND COLLECTIVE ALLEGATIONS

86. Truell brings her claims as a class and collective action under the FLSA and the North Carolina Wage and Hour Act.

87. The Putative Class Members were victimized by NHH's pattern, practice, and/or policy which is in willful violation of the FLSA and the North Carolina Wage and Hour Act.

88. Other Putative Class Members worked with Truell and indicated they were paid in the same manner, performed similar work, and were subject to NHH's same automatic meal break deduction policy.

89. Based on her experiences with NHH, Truell is aware NHH's illegal practices were imposed on the Putative Class Members.

90. The Putative Class Members are similarly situated in all relevant respects.

91. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

92. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

93. Rather, the class is held together by NHH's uniform automatic meal break deduction policy that systematically deprived Truell and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek.

94. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

95. The overtime owed to Truell, and the Putative Class Members will be calculated using the same records and using the same formula.

96. Truell's experiences are therefore typical of the experiences of the Putative Class Members.

97. Truell has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

98. Like each Putative Class Member, Truell has an interest in obtaining the unpaid overtime wages owed under federal law.

99. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

100. Absent a class and collective action, many Putative Class Members will not obtain redress for their injuries and NHH will reap the unjust benefits of violating the FLSA and the North Carolina Wage and Hour Act.

101. Further, even if some of the Putative Class Members could afford individual litigation against NHH, it would be unduly burdensome to the judicial system.

102. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

103. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

104. Among the common questions of law and fact are:

   a. Whether NHH engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and North Carolina Wage and Hour Act;

   b. Whether NHH's automatic meal break deduction policy deprived Truell and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and North Carolina Wage and Hour Act;

   c. Whether NHH failed to pay Truell and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA and North Carolina Wage and Hour Act;

    d.  Whether NHH knew, or had reason to know, Truell and the Putative Class Members were requested, suffered, permitted, or allowed to during their unpaid meal breaks in violation of the FLSA and North Carolina Wage and Hour Act; and

    e.  Whether NHH's violations of the FLSA were willful.

105. Truell and the Putative Class Members sustained damages arising out of NHH's illegal and uniform employment policy.

106. Truell knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

107. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to NHH's records, and there is no detraction from the common nucleus of liability facts.

108. Therefore, the issue of damages does not preclude class or collective treatment.

109. NHH is liable under the FLSA and North Carolina Wage and Hour Act for failing to pay overtime to Truell and the Putative Class Members.

110. Consistent with NHH's illegal automatic meal break deduction policy, Truell and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

111. As part of their regular business practices, NHH intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and North Carolina Wage and Hour Act with respect to Truell and the Putative Class Members.

112. NHH's illegal automatic meal break deduction policy deprived Truell and the Putative Class Members of the premium overtime wages they are owed under federal law.

13

113. NHH is aware, or should have been aware, that the FLSA and North Carolina Wage and Hour Act require it to pay Truell and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

114. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA and North Carolina Wage and Hour Act who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

115. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

116. Those similarly situated employees are known to NHH, are readily identifiable, and can be located through NHH's records.

## JURY DEMAND

117. Truell demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Truell, individually and on behalf of the Putative Class Members, seeks the following relief:

   a. An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. In accordance with Rule 23 of the Federal Rules of Civil Procedure, designation of this action as a North Carolina Wage and Hour Act class action on behalf of Truell and all members of the North Carolina Class;

   c. Ordering NHH to disclose in computer format, or in print if no computer readable format is available, the names, addresses and emails of all those

individuals who are similarly situated and permitting Truell to send notice of this action to all those similarly situated individuals;

d. Designating the named Truell to act as class representative on behalf of all similarly situated employees for both the FLSA Collective and the North Carolina Class;

e. Judgment against NHH for its failure to pay Truell, those similarly situated and all those appropriately joined to this matter in accordance with the standards set forth by the FLSA;

f. Judgment against NHH for its failure to pay Truell, the members of the North Carolina Class and all those appropriately joined to this matter in accordance with the standards set forth by North Carolina Wage and Hour Act;

g. Judgment against NHH and classifying its conduct as willful and not in good faith;

h. An award against NHH for the amount of unpaid overtime wages owed to Truell, members of the FLSA Collective, members of the North Carolina Class, and all those appropriately joined to this matter calculated at a rate that is not less than one and a half (1.5) times Truell's and other class members' respective regular hourly rate for all overtime hours worked;

i. An award of liquidated damages equal to, or double, the total amounts of unpaid wages owed to Truell, members of the FLSA Collective, members of the classes, and all those appropriately joined to this matter, whichever is deemed just and equitable by this Honorable Court;

j. An Order pursuant to Section 16(b) of the FLSA finding NHH liable for unpaid back wages due to Truell and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

k. Judgment awarding Truell and the Putative Class Members all unpaid overtime and other damages available under the FLSA and the North Carolina Wage and Hour Act;

l. An Order awarding attorneys' fees, costs, and expenses;

m. Pre- and post-judgment interest at the highest applicable rates; and

n. Such other and further relief as may be necessary and appropriate.

Date: May 9, 2025

Respectfully submitted,

**By:** */s/ Carl A. Fitz*
**Carl A. Fitz**
Tex. State Bar No. 24
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
Tel.: (713) 766-4000
carl@fitz.legal

*/s/ Bert J. Miano*
Bert J. Miano
NC State Bar No. 49813
Miano Law PC
1213 West Morehead Street
Fifth Floor, Unit #99
Phone: (704) 275-7199
Fax: (704) 630-7199
Email: bmiano@mianolaw.com
**Local Civil Rule 83.1(d) Attorney for Plaintiff**